Griffith, J.
Section 5711.18, Revised Code, reads in part as follows:
<(# * * ^ the case of personal property used in business, the book value thereof less book depreciation at such time shall *96 be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money.”
The law does not require the owner of personal property used in business to adopt any particular method of accounting in determining the book value of his inventory. For the purpose of the operation of its business, appellant may, in determining book value, adopt any sound and generally recognized method of accounting it chooses. Paragraph five of the syllabus of National Tube Co. v. Peck, Tax Commr., 159 Ohio St., 98. However, such determination of book value by the taxpayer, although it shall be taken as the true value of such property at the time of listing, is subject to the tax assessor’s finding that such depreciated book value is greater or less than the then true value of such property in money.
When Section 5711.18, Revised Code, is read in conjunction with the provisions of Section 5711.21, Revised Code, the duty of the assessor and the ultimate goal sought to be obtained are clear. Section 5711.21, reads as follows:
“In assessing taxable property the assessor shall be governed by the rules of assessment prescribed by Section 5711.01 to 5711.41, inclusive, of the Revised Code. Wherever any taxable property is required to be assessed at its true value in money or at any percentage thereof, the assessor shall be guided by the statements contained in the taxpayer’s return and such other rules and evidence as will enable the assessor to arrive at such true value. * * *” (Emphasis added.)
The assessment of personal property requires the assessor to consider the book value as stated by the taxpayer, together with other statements of the taxpayer and other available evidence, and apply the applicable rules of valuation to arrive at the ultimate goal of the assessment, a determination of the true value of the property.
The law requires a taxpayer to list his property at a percentage of its true value in money (Section 5711.22, Revised Code), and, if the taxpayer chooses to rely on the book value listed in his return as true value, he may do so.
The question in this case is whether the decision of the *97 Board of Tax Appeals, determining that appellant’s book value did not reflect the true value of appellant’s property, is arbitrary, unreasonable and unlawful. The appellant determined the book value of its property by using a method of accounting designated as LIFO. In valuing inventory under this method of accounting, it is assumed that the last merchandise purchased is that which is first sold. This is well illustrated by an example of one of appellant’s own witnesses:
“I will try to explain LIFO. It is best to use an example. Take a pair of shoes that cost you six dollars; retail them for eight, sell them and have to buy them again for seven dollars. The question arises as to how much money you made on the pair of shoes. We believe that the proper method of determination of valuation of property is to match the seven dollar cost of those shoes — that is the present value of them — with the eight dollar sale of them. That is all there is to LIFO. That leaves you with a cost of sale figure of seven dollars, and a LIFO valuation for your inventory of six dollars. That is the book value.”
The Tax Commissioner and the Board of Tax Appeals determined that the retail price method, also known as the retail inventory method, more accurately determined the true value of appellant’s property.
The retail inventory method basically consists of taking the retail sales price of the merchandise in stock and deducting therefrom the percentage markup by departments.
The opinion of the Board of Tax Appeals indicates that it had evidence before it, which evidence was submitted by the taxpayer to the Tax Commissioner, which showed the inventory value computed by both methods. The board determined that true value was that amount determined by the retail inventory method. Did the board act arbitrarily or unlawfully in applying the retail inventory method to appellant’s return?
As pointed out, the ultimate goal is a determination of the true value of the property taxed. Without entering into an abstract discussion of the complexities of the various methods of accounting procedures, it is clear that the LIFO method can give rise to an unrealistic picture of inventory value. LIFO arbitrarily considers that the last merchandise purchased by a *98 merchant is sold hy such merchant before he sells the older merchandise in stock. The retail inventory method is more realistic and consonant with ordinary business practice. It values present merchandise at current markup. Inasmuch as markup is reasonably constant and retail price varies with the cost of the goods, a more accurate valuation for tax purposes is procured by use of the retail inventory method. As the cost of goods varies, the merchant varies his retail price to maintain his ordinary percentage of profit.
Clearly, the retail inventory method establishes a more accurate valuation of current inventory than does LIFO, and it is the present value of the current inventory which is sought to be established for the purpose of taxation.
The application of the retail inventory method to appellant’s inventory by the Board of Tax Appeals was neither arbitrary, unreasonable nor unlawful, and the decision of the board is, therefore, affirmed.

Decision affirmed.

Taet, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.